Dear Mr. Austin:
Reference is made to your recent request for an opinion of this office regarding ad valorem tax contributions made to certain state and statewide retirement systems from ad valorem tax revenues in accordance with LSA-R.S. 11:82.
You advise that your office generates Pension Fund Contribution Reports according to the Grand Recapitulation Tax Roll prepared by the Tax Assessors of all parishes, excluding Orleans, based on the ad valorem taxes shown on the tax roll. The Reports are sent by your office to the sheriffs of the various parishes, and the Sheriffs withhold from the first tax collections those funds to be paid to the statewide public retirement systems as provided in LSA-R.S. 11:82.
Your correspondence indicates that a number of statutory provisions providing an exemption from collection for the retirement systems are quite specific and clear. By way of example, your letter notes that LSA-R.S. 33:9003 (A), pertaining to Law Enforcement Districts, states: "the taxes generated by the millage levied hereby shall be levied free of deductions for retirement systems." However, you also note that there are a number of statutory provisions containing language that could be construed as protecting the tax revenues of certain entities from contributions to the retirement systems, even though those provisions of law contain no direct reference to the retirement system contributions required by LSA-R.S. 11:82.
Pertinently, your letter states:
 "Our understanding is all ad valorem taxes shown to be collectible on the parish tax rolls contribute to these retirement systems unless the law provides otherwise. Our basic question is Do all ad valorem taxes contribute to the statewide retirement systems unless specific language in the statute allows that taxing district an exemption? An example of non-specific language is R.S. 25:217.1:
 Notwithstanding any provisions of law to the contrary, no funds from any tax levied or assessment or charge imposed pursuant to this Chapter on behalf of the DeSoto Parish library shall be diverted for use by any other entity or for any other purposes other than those of such parish library.
 There is language within the statute which indicates funds are not to be diverted. Is contributing to the retirement systems tantamount to a diversion of funds? (Italicized emphasis supplied).
Please be advised that in the opinion of this office all ad valorem taxes are subject to deductions for contributions to the retirement systems in accordance with LSA-R.S. 11:82 unless the law provides otherwise. It is our further opinion that LSA-R.S. 25:217.1, although broadly written, contains a clear expression of legislative intent that tax revenues collected on behalf of the DeSoto Parish Library shall not be subject to any diversion of those revenues "for any other purposes other than those of such parish library." As such, it is our opinion that ad valorem taxes collected on behalf of the DeSoto Parish Library are not subject to deductions for contributions to the retirement systems under LSA-R.S. 11:82.
In responding to your request, we were guided by the following rules of statutory construction: Legislation is a solemn expression of legislative will. LSA-C.C. Art. 2. The words of a law must be given their generally prevailing meaning. La.C.C. Art. 11. Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. Art 10. A statute should be given a construction according to fair import of its words taken in their usual sense, in connection with the context, and with reference to the purposes of the provisions. State v. Truby, 29 So.2d 758 (La. 1947). Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. 13. When two conflicting statutes apply to the same situation, the one more specifically directed to the matter at issue must prevail as an exception to the more general statute. Yamaha Motor Corp.,U.S.A. v. Bonfanti Industries, Inc., 589 So.2d 575 (La.App. 1st Cir. 1991).
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
 Yours very truly, CHARLES C. FOTI, JR. Attorney General
 BY: ____________________ JEANNE-MARIE ZERINGUE BARHAM ASSISTANT ATTORNEY GENERAL
CCF, jr./JMZB/dam